## Standard Oil Co. v. Castleman, Oil Inspector Jefferson County

(Decided January 22, 1913.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Oils—Inspector of—Object of Statute Requiring Inspection of Oils.—Section 2202, Ky. Stats., which requires the inspector of all oils and fluids used for illuminating purposes, manufactured or

brought into the State, before it is used or sold to merchants or consumers within the State, was enacted to prevent the sale and consumption in the State of impure and unsafe oils; therefore, its object is to protect the consumer of such oils.

2.    Oils—Inspection of—Inspection Should be Made in County Where the Oil is Consumed.—As section 2204 of the act provides for the appointment by the county court of an oil inspector in each county of the State, and the provisions of the act as a whole, indicates that inspection of the oil on or before its sale to and use by merchants and individual consumers is what is required, the conclusion is inevitable that the inspection should be made by the oil inspector of the county where the oil is consumed.

3.    Oils—Inspector for Jefferson County—Authority of—Limitation of Authority—Contingency in Which Authority Enlarged.—The oil inspector of Jefferson County is given authority by the act to inspect oils received or stored by the owner at Louisville, for sale and consumption in Jefferson County; but he is not empowered to inspect oils received or stored at Louisville for counties of the State other than Jefferson County, unless same shall, as indicated by section 2213 of the act, have been placed in the hands of a carrier, forwarding agent, warehouseman, or in a store or railway station for the purpose of escaping inspection; or shall have been barreled at Louisville, for sale and consumption in a county unprovided with an oil inspector. In the last named contingency, inspection by the inspector of Jefferson County, being by implication, authorized by section 2214 of the act.

HUMPHREY, MIDDLETON & HUMPHREY, for appellant.

D. R. CASTLEMAN and PRYOR & CASTLEMAN, for appellee.

Opinion of the Court by Judge Settle—Reversing.

This appeal presents the single question, has the Jefferson County Oil Inspector the right to inspect oil shipped into Jefferson County for consumption within the state of Kentucky, in counties other than Jefferson? The Circuit Court held that he has such right, and appellant complains of that judgment and by this appeal brings it to us for review.

The case was heard and determined in the court below on the following agreed statement of facts:

"The plaintiff is a corporation duly created by and existing under the laws of the State of Kentucky and deals in the products of petroleum.

The defendant is the duly appointed and qualified Oil Inspector of Jefferson County, Kentucky.

The plaintiff has recently purchased a tract of land upon the Ohio River, in Jefferson County, west of the city of Louisville, and has erected thereon large stor-

age tanks for its use in the storing of oil and other products of petroleum which may or can be used for illuminating purposes. This will be hereinafter referred to as the Riverside plant of the plaintiff.

The oil stored in the tanks above referred to comes in barges from a point on the Mississippi river in some states other than Kentucky, where the plaintiff has a refinery, and upon its arrival at the Riverside plant of the plaintiff it is pumped from the barges into the aforesaid storage tasks, and mixed with other oils therein of different fire tests by which the fire tests of the resultant mixtures are changed. No inspection of said oils is made by any authorized inspector of Kentucky before same are placed in the said tanks at the Riverside plant.

After the oil is pumped into the said storage tanks it is disposed of in three ways, as follows:

(a) Some of the oil is pumped into tank cars, and transported to the plaintiff's plant at Fifth and Bloom streets in the city of Louisville, where it is placed in reservoirs and after being inspected by defendant is, as desired, put into barrels or tank wagons and sold, and chiefly distributed to and consumed by residents of Jefferson county, Kentucky. Some oil in barrels is shipped from this plant to other counties in Kentucky, same having been inspected by and bearing defendant's brand.

(b) Other portions of the oil stored at the Riverside plant of the plaintiff is there, without being inspected, pumped into tank cars and thence shipped to other storage tanks located in different parts of the State of Kentucky, without said tank cars bearing the defendant's brand as oil inspector of Jefferson county, to be there barreled or put into tank wagons and sold to the residents of the county or counties to which said oil is shipped.

(c) Still other portions of the oil stored at the Riverside plant are pumped into tank cars and shipped to distributing points in other states to be consumed in such other states.

It is agreed by the plaintiff and the defendant that the oil last mentiond—that is—the oil pumped into tank cars and shipped to points in other states—is not subject to the inspection of the defendant.

It is agreed by the plaintiff and the defendant that

the oil transported from the Riverside plant to the plant of the plaintiff at Fifth and Bloom streets in the city of Louisville, to be there barreled or put into tank wagons and sold, is subject to inspection by the defendant, and that the defendant is entitled to the statutory fee for inspecting the same."

It is insisted for appellant that the oil inspector of each county of the state, into which the oil is shipped from Louisville for sale and consumption, is alone entitled to inspect the oil and receive the fees allowed by the statute therefor. It is apparent from the agreed statement of facts that the oil received by the appellant at Louisville and not consumed in Jefferson county, is merely stored at the Riverside plant temporarily, because of its being a convenient place from which to ship it to the various counties of the state where it is to be sold and consumed.

Section 2202, Kentucky Statutes, provides:

"That all oils and fluids, the product of coal, petroleum or other bituminous substances, by whatever name called, which may or can be used for illuminating purposes, manufactured in this state or brought into it before the same is consumed, used or sold to merchants or consumers within this state, shall be inspected by an authorized inspector of this state."

Section 2204 of the statute provides:

"The judges of the county court of each county of this state may appoint an inspector in their respective counties to carry out the provisions of this law. The inspector shall remain in office for four years, unless removed by the court for misconduct, negligence or incompetency, and shall take an oath faithfully and to the best of his ability to discharge the duties of his office. An inspector may appoint an assistant or deputy who may perform, under his direction, and for such times as he may designate, any and all the duties of an inspector under this act."

Section 2212 requires of every oil inspector a bond, with security to be approved by the county judge making the appointment.

Sections 2205 and 2206 direct how the oil sold and consumed within the state shall be inspected and the temperature at which it may be approved, and also for the branding of the barrels, casks or packages in which it is placed for the purpose of sale.

Sections 2208 and 2209 provide penalties for selling uninspected oil and oil that is unsafe for use.

Section 2210 provides for the infliction of a penalty upon any dealer or manufacturer of oils or fluids, specified in section 2202, who shall refuse to admit an inspector or deputy upon his premises for the performance of his duties of inspection or shall obstruct them in the performance of such duties.

Section 2211 provides:

"As full compensation for his services the inspector shall receive for inspecting said oils, in quantities in bulk of four thousand (4,000) gallons or more, ten (10) cents per barrel for fifty gallons. If inspected in barrels, the inspector shall receive ten cents per barrel for inspecting in lots of fifty barrels or more, and ten cents per barrel for inspecting in lots of less than fifty barrels at one time."

Section 2214 provides:

"Any inspector of any county in this Commonwealth may go into any other county in the Commonwealth where there is no acting inspector under this law, and inspect and brand, according to law, any oils or fluids aforesaid which he may find intended for consumption in this Commonwealth which have not been inspected and branded by some authorized inspector within the state of Kentucky. The inspector may charge for his services thirty cents per barrel for each barrel of oils or fluids inspected and branded by him, and his traveling expenses going and coming by the usual way of traveling, which expenses shall not exceed five cents per mile for the distance going and coming to the place of inspection, to be paid by the party in possession of the oil or fluid at the time of the inspection, or by the owner of the oils or fluids; and the inspector shall have a lien on the oils or fluids inspected by him for his fees and traveling expenses."

The manifest purpose of the act is to protect the consumers of oil. Therefore it requires its inspection before it is used or consumed, and even before it is sold to merchants or individual consumers. In no less than seven places in the statute the words, "used or consumed," are employed. Such repeated use of these words is significant and clearly indicates a legislative intent that the oil shall be inspected before it is consumed. It is evident that an inspection of the oil, made

in the manner and according to the test prescribed by the statute, will meet its requirements, if performed in the counties to which the oil is shipped for sale and distribution, before its sale and distribution to appellant's customers therein, whether they be retail merchants or individual consumers; and that it is there to be inspected seems to be the legislative intent, else why does the act provide for the appointment by the county court of an oil inspector in each county.

It is apparent too that the place of sale of the oil for consumption would be a better place for its inspection than some other and more remote point, as it would afford fewer opportunities for the adulteration of the oil before its sale and delivery to consumers, which is the main evil the statute was enacted to prevent.

In other words, if the oil received by appellant at Louisville for shipment and sale in counties of the state other than Jefferson, should all be inspected in Louisville, there would be more frequent opportunities for its adulteration after such remote inspection, either there, in transit or following its arrival in the counties of its destination, than could possibly occur after its inspection in such counties and before its sale to consumers therein. It is to be remarked that no question as to oils escaping inspection is here involved; nor does the controversy seem to rest, in any sense, upon the ground that appellant objects to the Jefferson county oil inspector's getting the fees it must pay for the inspection for its oil consumed in this state outside of Jefferson county, for these fees must be paid for the inspection of the oil, whether to appellee or other inspectors.

Appellant insists, however, that it should only be required to pay them to the inspector or inspectors legally entitled to inspect its oil brought into the state for consumption in counties other than Jefferson; and that the oil inspector of Jefferson county, unless it is clearly his right under the statute, should not be permitted to practically monopolize the work of inspecting all its oil coming into the state for consumption, and thereby deprive other oil inspectors in the various counties in which its oil is consumed, of the right to do so and of the fees they would legally be entitled to receive therefor.

It is argued by appellee's counsel, and such is

the ground upon which the judgment rests, that the right to inspect all oil received by appellant at Louisville for consumption in this state, and to receive the fees allowed therefor, is conferred upon appellee by section 2213 of the statute under consideration, which provides:

"All oils or fluids aforesaid, sent from other states into this state for consumption within the limits of the state, in the counties of this state where there are no inspectors acting under this law, or sent from counties in this state in barrels or packages not bearing the inspector's brand as required by this law, of the county from which they were sent, may be inspected in transit in the hands of a carrier, forwarding agent or warehouseman, or wherever found in any store or at any railway station, and the inspector may charge thirty cents per barrel for each barrel thus inspected; and it shall be the duty of the party having the oils or fluids in hand at the time of the inspection to pay the inspector his fees, and he shall have a lien upon said oils or fluids until they are paid. If any carrier, forwarding agent or warehouseman, shall refuse to pay the fees of an inspector as provided in this act, on conviction before a competent tribunal, he shall be fined twenty ($20) dollars for each refusal, the fine to go to the school fund of the state."

This section is so involved and confusing that its exact meaning is difficult of ascertainment, but we are of opinion that the construction given it by the court below fails to express its true meaning. Indeed that court's construction of the section seems to have been arrived at, from a consideration of the provisions of only a part of it. This we assume, because only a part of it is quoted and commented on in the opinion found in the record; whereas the omitted parts, which have a qualifying effect on what is quoted, must also be considered, in order to arrive at the meaning of the section as a whole.

It is not apparent to us that section 2213 is susceptible of an interpretation that would make it applicable to the state of case here presented. Obviously, its provisions apply only to oil which, from some cause, is about to escape inspection; therefore, the section provides for its inspection by any convenient inspector, in the hands of a carrier, forwarding agent or warehouseman, or wherever found in any store or at any railway station.

Inspection of oil such as is involved in this case cannot come under the provisions of section 2213. It is not in the hands of a carrier, forwarding agent or warehouseman, or in any store or at any railway station, neither has it escaped nor it is about to escape inspection. It is in the hands of appellant, its owner, stored in its own reservoirs awaiting shipment into various counties of the state for sale and consumption, where it will be inspected by the inspectors of those counties.

For inspection of the oil for which section 2213 provides, the inspector is entitled to charge thirty cents per barrel, which is twenty cents per barrel in excess of the statutory fee for inspecting oil in the usual way where it is to be consumed. The excessive fee is allowed by section 2213 because the inspection for which it is paid, is of oil which, on account of the probability of its escaping inspection, may be inspected in the hands of a carrier, forwarding agent or warehouseman, or wherever found in a store or railway station. The provision as to the additional fee contained in this section, is of exceptional significance, as it is in the nature of a triple penalty against the owner of the oil, authorized only because of his endeavoring to make it escape inspection.

Counsel in this case have frankly admitted their inability to refer us to any case bearing on the questions raised by this appeal, so our decision of them rests alone upon the construction given the several provisions of the statute, having in mind the fact that as it was enacted to protect the public against the sale of unsafe and dangerous oils, and is, therefore, a remedial statute, it should be so interpreted as to reasonably carry into effect its objects.

It is our conclusion that appellee as oil inspector in Jefferson county is only empowered to inspect, and receive the fees for inspecting allowed by section 2211 of the statute, such oils as appellant may have or bring into the state for sale and consumption in the city of Louisville and Jefferson county.

He may, however, under the authority conferred by section 2214 of the statute, also inspect, and, as he will not have to leave the county to do so, for such inspection be compensated by the fees for inspecting allowed by section 2211, such oil as may be shipped by appellant from Louisville in barrels for sale and consumption in

counties other than Jefferson, which are unprovided with oil inspectors.

For the reasons indicated, the judgment is reversed and cause remanded for the entering of such a judgment as will conform to the opinion.