## Kentucky Independent Oil Company v. Thiel.

(Decided January 25, 1916.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1.  Injunction.—Where the plaintiff has an adequate means of redress in his own hands, he is not entitled to an injunction.

2.  Inspection—Inspection of Oils.—Where a party in the possession
    of oil, a part of which, under sections 2202 to 2217 inclusive, is
    liable to inspection, commingles said portion with other oil not
    liable to inspection in such a way as to render it infeasible and
    impracticable for an oil inspector to inspect that portion of same
    liable thereto, said inspector may inspect the whole thereof and
    collect the statutory fee therefor.

BARBOUR & BASSMAN for appellant.

R. G. WILLIAMS and O. M. ROGERS for appellee.

Opinion of the Court by Judge Clarke—Affirming.

From the petition and an agreed statement of facts
it appears that appellant is a Kentucky corporation con-
ducting a business of buying and selling the products of
petroleum, which may or can be used for illuminating
purposes. It owns and operates in the city of Covington,
Kenton county, Kentucky, large storage tanks in which
it stores oil brought into Kenton county from without
the State of Kentucky. The oil is commingled in said
tanks and distributed therefrom for sale and consump-
tion in the following ways:

Portions of the oil are pumped into wagons for sale
and consumption in Kenton county; other portions into
wagons for sale and consumption in Hamilton county,
Ohio, and Campbell county, Kentucky, and other portions
into barrels or drums for sale and consumption in other
counties in Kentucky, in most of which are oil inspectors,
but in some of which there are no oil inspectors.

Appellee at the time complained of was the oil in-
spector for Kenton county, and as such was demanding
the right, and attempting to inspect all oil received,
stored and commingled by appellant in its storage tanks
as above set out. It is conceded that appellee had the
right, and it was his duty, to inspect such portions of
said oil as were received by appellant for the purpose of
sale and consumption in Kenton county, and such other
counties in Kentucky as had no oil inspector. And it is
further conceded that appellant is required and does sub-
mit to, and pay the fees therefor, an inspection in Ham-
ilton county, Ohio, Campbell county, and other counties
in Kentucky in which there is an oil inspector, upon such
portions of said oil as are sold and consumed in said
counties, and that appellant thereby will be forced, if
appellee is permitted to inspect all of said oil in said

tanks, to pay a double inspection fee upon all of same except such portions as are sold and consumed in Kenton county and other counties in Kentucky in which there is no oil inspector.

Counsel for appellant, in support of its contention, quotes from the case of Standard Oil Co. v. Castleman, 151 Ky., 663, as follows:

"It is our conclusion that appellee, as oil inspector in Jefferson county, is only empowered to inspect and receive the statutory fees for inspecting allowed by section 2211 of the Statutes, such oil as appellant may have or bring into the State for sale and consumption in the city of Louisville and Jefferson county."

This part of said opinion is a statement of the court's conclusions with reference to the facts in that case, and is not susceptible of application here, because the facts here are, in our judgment, essentially different in that the oil which that inspector was insisting upon the right to inspect was such as was intended for sale and consumption in other counties of the State in which it was presumed there were oil inspectors, and such oil was not commingled, but was stored in separate tanks. The question involved in this case was not presented or considered in the Castleman case. Here the oil is commingled by appellant, and appellee has no way of knowing what portions of same are, and what portions are not, subject to his inspection, unless he will remain constantly at appellant's tanks to ascertain whether or not each particular wagon load or barrel as drawn out of a tank by appellant is liable. To do this would require an oil inspector for each plant instead of one for each county, as provided for in sections 2202-2217, inclusive, of the statutes, and it must have been contemplated in the enactment of said sections that oil liable to inspection would not be commingled with oil not liable.

Appellant in its petition seeks an injunction against appellee to restrain him from inspecting that portion of the oil which it is conceded if separated it is not his duty and he has not the right to inspect, basing its right to injunctive relief upon the ground that it has no adequate remedy at law and that unless such relief is granted it will suffer great and irreparable injury. The facts in this case do not sustain this allegation. Appellant will not suffer great and irreparable injury if the injunction prayed for is refused. Its whole trouble can, and will,

be remedied if appellant will only separate the oil liable to inspection from that which is not liable, to do which it is not shown would cause it great or irreparable or any injury.

Where the plaintiff has an adequate means of redress in his own hands, he is not entitled to an injunction. 22 Cyc., 776.

As, under the conditions under which appellant received its oil into tanks where it is commingled, there is no feasible or practicable way in which appellee could inspect such portions of said oil as it is his duty and right to inspect, except by inspecting it all, and as that condition is wholly the result of appellant's acts, and beyond the control of appellee, we are of the opinion that appellee had the right, and it was his duty, to inspect all of said oil and collect the statutory fee therefor. Such injury as appellant might sustain by reason thereof is the result of its own act. To hold otherwise would render the law, if not impossible of execution, at least difficult and uncertain; while to so hold renders the law of easy and certain execution and imposes no duty upon appellant except that it shall not commingle, but shall separate its oil liable from that which is not liable to inspection.

Wherefore, the judgment is affirmed.